UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

BRENDA S. CANNIZZO

        Plaintiff

v.

COLLECTION RECOVERY SERVICES, INC.    Civil Action No.5:13-CV-973 [LEK/DEP]

        Defendant

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, by and through Selbach Law Firm, PLLC, complaining of the Defendant, respectfully alleges, upon information and belief as follows:

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

### III. PARTIES

3. Plaintiff is a natural person residing in Auburn, New York.

4. Upon information and belief, Collection Recovery Services, Inc. ("CRS") is a corporation organized and existing under the laws of the State of Pennsylvania and transacts business or contracts to supply services in New York with its principal place of business located at 29

Regency Plaza, Glen Mills, Pennsylvania 19342.  The causes of action stated herein arise from the said jurisdictional acts.

5. Upon information and belief, the principal purposes of CRS is the collection of debts using the mails and telephone, and CRS regularly attempts to collect debts alleged to be due another.

## IV. FACTUAL ALLEGATIONS

6. The Plaintiff originally established a credit account ("the Account") with Household Bank in the spring of 2002 in the approximate sum of $200.00.

7. Over the course of years, the Account has been transferred and or sold to different entities.

8. In or about the year of 2007, NSF Collections ("NSF") attempted to collect the Account. The Plaintiff paid NSF pursuant to an agreement the sum of $75.00 per month. Most of the payments were made by automatic withdrawal from the Plaintiff's bank account. At one point twice the amount was removed from her account. Based on the same, she revoked the automatic deduction and paid the remainder of the debt by money order.

9. On the day she sent her last payment to NSF she called NSF indicating that she was sending in her last payment. The agent of NSF congratulated her on paying off the debt and indicated that he would be sending a document showing that the debt was paid in full. No document was ever provided.

10. Thereafter, an action was commenced to collect the debt by LR Credit 11, LLC represented by Mel S. Harris and Associates LLC. As the Plaintiff had indicated that the debt had been paid, the action was discontinued. A copy of the Notice of Discontinuance of Action is attached hereto and made a part hereof as Exhibit A.

11. Thereafter, the Account was transferred to attorney Paul J Hooten and Associates, PLLC. ("Hooten").  Again, the Plaintiff indicated that the debt had been paid. As a result the Plaintiff

has not heard from Hooten again.

12. On or about April 8, 2013 the Plaintiff's sister, Donna Cannizzaro, ("Donna") received a telephone message from CRS. The caller left a message that the message was for the Plaintiff regarding a debt. The caller asked that a return phone call be made to Denise Campbell of CRS at a particular phone number.

13. Donna then called back and spoke with Denise Campbell indicating that she should not call her again. As a result of that phone call, on that date, Donna changed her phone number.

14. Immediately after receiving the phone message, Donna called the Plaintiff and indicated that a debt collector was calling for her. Both Donna and the Plaintiff were very upset by this course of events.

15. Upon learning of this phone message, the Plaintiff called CRS and requested that they no longer contact her family.

16. In the said conversation, the Plaintiff indicated to Denise Campbell that the debt has been paid many years prior.

17. Despite the same, Commercial Recovery Services continued to attempt to collect the Account.

## V. CLAIM FOR RELIEF

18. Plaintiff repeats and realleges and incorporates by reference all paragraphs above.

19. Defendant, by reason of the aforesaid conduct, violated the FDCPA.

20. Defendant, in violation of 15 U.S.C. §1692e(2)(A), made a false representation as to the character, amount, or legal status of the debt, i.e., that the Plaintiff owed the Debt.

21. Defendant, in violation of 15 U.S.C. §1692b, communicated with a person other than the consumer indicating that the call was concerning the Plaintiff and alleged debt that the Plaintiff allegedly owed. The caller representing the Defendant left her name (Denise Campbell) and the

name of her company (Commercial Recovery Services Inc.) on the voice mail message system of the third party.

22. As a result of the aforesaid violations of the FDCPA, the Plaintiff suffered actual damages, including emotional distress. In addition, an award of statutory damages, costs and attorneys' fees is warranted and appropriate.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) actual damages;

(b) statutory damages pursuant to 15 U.S.C. §1692k;

(c) costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k;

(d) for such other and further relief as may be just and proper.

**A JURY TRIAL IS DEMANDED**

DATED:   Syracuse, New York
         August 14, 2013

SELBACH LAW FIRM, PLLC

By: /s/James F. Selbach, Esq.
    James F. Selbach, Esq.
    Suite 290
    290 Elwood Davis Road
    Syracuse, New York 13088
    315.471.6611

*Attorneys for Plaintiff*